*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL F. MOORE,

        Plaintiff-Appellee,

v

KATHLEEN R. GLYNN,

        Defendant-Appellant.

UNPUBLISHED
August 27, 2020

No. 349505
Antrim Circuit Court
LC No. 13-006629-DO

Before: SHAPIRO, P.J., and SERVITTO and LETICA, JJ.

SHAPIRO, P.J. (*concurring*).

Like the majority, in whose opinion I join, I conclude that the arbitrator did not exceed her authority.

The text of the relevant provision is unambiguously ambiguous. Its meaning is not apparent in the words themselves and each party has offered a reasonable interpretation. Moore asserts that he agreed to pay four percent of all the designated monies he is paid for a period of five years with no further payments to be made after the five-year period. In return, he submits, Glynn agreed to give up all interests in the joint businesses and Moore's businesses. By contrast, Glynn interprets the provision to mean that for her entire lifetime she is to receive four percent of all amounts (e.g., future royalties) paid to Moore for the work performed during their marriage and for the five-year period thereafter.[1] These understandings of the provision are so far afield from each other that if both parties are arguing in good faith it is difficult to understand why they believed there was an agreement at all.

Nevertheless, the question is whether the agreement authorized the arbitrator to do what she did, and I agree with the majority that she acted within her authority.

/s/ Douglas B. Shapiro

---

[1] Since the value of other property described in the settlement agreement is not in the record, we also cannot review the equity of the property division.